[No. 11001.  Department Two.  May 26, 1913.]

JOHN ZIEMAN *et al.*, *Appellants*, v. WILLIAM M. McKINNEY, *Respondent.*[1]

SPECIFIC PERFORMANCE—CONTRACT TO CONVEY LAND—PERFORMANCE.
Specific performance of a contract to convey land will not be decreed where it appears that plaintiffs entered into the contract as trustees of a church, and that, with their knowledge and consent, the contract had been fully performed by the execution of a deed to a corporation which, under the rules of the church, held the title to all its property.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered August 29, 1912, dismissing

[1]Reported in 132 Pac. 398.

an action for specific performance, after a trial on the merits. Affirmed.

*Austin M. Wade,* for appellants.

*F. W. Loomis,* for respondent.

Morris, J.—Appellants, claiming as trustees of the Polish Catholic Church of Aberdeen, brought this suit to obtain specific performance of a contract to convey certain real property. Respondent answered, setting up the execution of the contract to one Narbutt as trustee for the church, from whom appellants claim as assignees; that the contract was entered into for the benefit of the Polish Catholic Church, for which appellants and their assignor held the contract; and that the amount due on the contract having been paid by the church or others for its benefit, the respondent, in full performance of the contract, had executed a deed to "The Catholic Bishop of Nisqually, a corporation," in accordance with the rules of the Catholic church, and with the knowledge and consent of the trustees or officers of the church. It was further pleaded that, under the rules and regulations of the Catholic church, all property belonging to the church in this diocese is to be held in the name of "The Catholic Bishop of Nisqually, a corporation," and that the church had no power otherwise, in its own name or that of trustees to hold title to real property, and that the appellants had long since ceased to act as trustees of the church and were without authority to represent it in any manner. Respondent also demanded that the corporation be made a party to the action, and it was subsequently stipulated by the parties that such corporation be made a party defendant, and that an order to that effect be entered. The lower court entered a decree in favor of respondent, and the plaintiffs have appealed.

The evidence abundantly sustains the allegations of the answer. The court below made no findings, but filed a memorandum decision, in which it indicated its findings, wherein

it is first held that the corporation, the Catholic Bishop of Nisqually, is a necessary party to this suit, and by reason of the stipulation entered into between the parties that it should be made a party, it is so treated. It is then found that the deed to the corporation was made with the knowledge of its trustees, and that its execution and delivery was consented to and acquiesced in by them for four years. The conclusion is then reached that appellants are estopped from disputing this deed or the title thereby conveyed.

These findings and conclusions are clearly supported by the record, and it does not appear to us that anything more need be said. The only reason we can find for this action is that a split has occurred in the church because of the antagonism of appellants and some others to the parish priest, and if they could succeed in obtaining title to the church property, they might be in a better position to assert their opposition.

The decree is right and equitable, and is sustained.

CROW, C. J., ELLIS, MAIN, and FULLERTON, JJ., concur.